**Date Signed:**
October 3, 2022



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>THE MINESEN COMPANY,<br><br>Debtor. | Case No. 19-00849<br>Chapter 11<br><br>Dkt. 640 |

## ORDER GRANTING MOTION
## TO APPOINT A TRUSTEE

The Army Morale, Welfare, and Recreation Fund ("MWR") seeks the appointment of a chapter 11 trustee for the estate of The Minesen Company ("Minesen") (ECF 640). Because of the pattern of intransigent conduct of both parties, the appointment of a trustee is the only path to a successful reorganization. Therefore, I will GRANT MWR's motion to appoint a trustee.

Minesen is a party to four contracts with MWR and the Army, pursuant to which Minesen operates a hotel on the Schofield Barracks military installation. With the contracts, Minesen has operated an exceptionally profitable business; without the contracts, Minesen has no business at all.

Minesen filed a motion for authority to assume certain unexpired leases and executory contracts (ECF 100).[1] After ten days of trial, I entered a Memorandum of Decision Regarding Assumption of Executory Contracts and Leases (ECF 505) ("Memorandum Decision"), in which I held that Minesen could assume the contracts if it cured certain identified defaults.

After eleven months of further litigation, MWR still contends that Minesen has not cured all of the defaults identified in the Memorandum Decision, and MWR contends that Minesen has committed additional

---

[1] The contracts are (1) Contract No. NAFBA3-93-C-001 ("MWR Contract"); (2) Lease No. DACA84-1-17-14 ("Ground Lease"); (3) Amendment / Modification No. P00018 to the MWR Contract; and (4) Memorandum of Agreement effective May 11, 1994 ("1994 Operating Agreement"). Minesen also initially sought to assume a Picnic Area Lease, but that agreement has expired and was not renewed.

2

defaults.

Both parties are to blame for the current situation. Minesen has effected cures only begrudgingly and at the eleventh hour and has taken actions that seem calculated to provoke MWR's unhappiness. MWR has made clear that it will never be satisfied with Minesen's performance.

11 U.S.C. § 1104(a) provides:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
> (1) For cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> (2) If such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor

There is a strong presumption that the debtor should be permitted to remain in possession absent a showing of need for the appointment of a trustee. *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990). In light of this presumption, appointment of a trustee is an extraordinary

remedy and the burden of proof is on the movant to show the need for a trustee by clear and convincing evidence. *See id.* at 168; *see also In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895 (JLG), 2016 WL 6875903, at *15 (Bankr. S.D.N.Y. Oct. 28, 2016) (applying the clear and convincing standard to appointment of a trustee under § 1104(a)(2)).

"Dishonesty, incompetence, or gross mismanagement of debtor or debtor in possession are not exclusively cause for appointment of trustee in Chapter 11 case." *In re Russell*, 60 B.R. 42, 45 (Bankr. W.D. Ar. 1985). "[U]nlike under subsection (a)(1), 'it is not necessary to find fault on the part of the debtor' to appoint a Chapter 11 trustee pursuant to subsection (a)(2)." *In re China Fishery Grp. Ltd.*, 2016 WL 6875903, at *14 (quoting *In re Eurospark Indus., Inc.*, 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010)).

When deciding whether relief under § 1104(a)(2) is warranted, courts consider: (i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (iii) the confidence – or lack thereof – of the business community and of creditors in present management; and (iv) the benefits derived from the

4

appointment of a trustee, balanced against the cost of the appointment. *Eurospark.*, 424 B.R. at 627. But courts "eschew rigid absolutes and look [] to the practical realities and necessities" of the case when making this discretionary decision. *Ionosphere*, 113 B.R. at 168 (quoting *In re Hotel Assocs., Inc.*, 3 B.R. 343, 345 (Bankr. E.D. Pa. 1980)).

Appointment of a trustee is in the best interests of the estate and all stakeholders because Minesen has proven incapable of assuming the essential contracts without unreasonable expense and delay. Minesen did perform some of the required cures promptly. But it dragged its feet on other cures; it took over eight months of status conferences, MWR's motion for a trustee, and the court's denial of confirmation of the first amended plan for Minesen to take the simple steps needed convert the Pangolin claim to equity and send MWR the refund for the room rate overcharges. Minesen has also made little progress toward resolving the issues surrounding the replacement reserve account ("RRA"). While some of the delay has been caused by MWR's own inflexibility, Minesen bears the burden of curing its defaults. And as a practical matter, it behooves

5

Minesen to rebuild (or perhaps build for the first time) a functional relationship with the counterparties to the contracts without which Minesen cannot survive. Minesen has made no meaningful efforts in this regard; if anything, Minesen's recent behavior has further soured the relationship.

For example, a dispute has erupted about Minesen's practice of charging guests for soiled and damaged towels and linens. According to MWR, this is an additional guest charge that the contracts do not authorize. According to Minesen, this is a standard practice among hoteliers that the contracts do not forbid.

The record and briefing do not permit me to resolve this dispute at this time. But the incident is yet another indication that Minesen and MWR are incapable of resolving even minor disputes by agreement. Minesen's failure to avoid or resolve this issue puts the contracts, and Minesen's entire business, at risk for no sufficient reason.

Clear and convincing evidence establishes that Minesen and MWR cannot work together and that an independent trustee must be appointed

6

U.S. Bankruptcy Court - Hawaii    #19-00849    Dkt # 755    Filed 10/03/22    Page 6 of 7

to safeguard the interests of the estate and its stakeholders. Therefore, MWR's motion for appointment of a chapter 11 trustee is granted. The Office of the U.S. Trustee must promptly select a trustee. The court will hold a hearing on January 30, 2023, at 2:00 p.m., at which the trustee can provide a report and the court will consider confirmation of Minesen's plan of reorganization and the remaining unresolved issues about assumption of the contracts. The court will give notice of the hearing.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #19-00849   Dkt # 755   Filed  10/03/22   Page 7 of 7