**Date Signed:**
**September 11, 2024**

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| In re:<br><br>THE MINESEN COMPANY<br><br>Debtor. | Case No.: 19-00849<br>Chapter 11<br><br><br><br>Related: ECF 1113 |

**<u>MEMORANDUM DECISION ON CHUN KERR'S FOURTH AND FINAL APPLICATION FOR COMPENSATION</u>**

## A. INTRODUCTION

Chun Kerr, general counsel to the chapter 11 trustee Dane S. Field, seeks a final allowance of compensation in the amount of $683,766.25 and expenses of $3,591.96 for a total of $687,358.21. The Minesen Company and Pangolin LLC object. At the hearing on the application on August 26, 2024, Simon Klevansky and Alika Piper appeared for Chun Kerr, Ted Pettit appeared for Minesen, Christopher Muzzi appeared for Pangolin, Dana

Barbata appeared for the Army Morale Welfare and Recreation Fund ("MWR"), and Curtis Ching appeared for the Office of the United States Trustee.

My prior orders (ECF 505, 706, 755) state the history of Minesen and this case in detail. I incorporate those decisions in this memorandum.

**B. REQUEST FOR DISCOVERY AND EVIDENTIARY HEARING**

The objectors argue that the application presents disputed issues of fact and that therefore the court should allow discovery and hold an evidentiary hearing. Discovery and an evidentiary hearing are appropriate only when the factual disputes are both genuine and material to the relief requested. *In re Brown*, 606 B.R. 40, 51 (B.A.P. 9th Cir. 2019).

It is significant that the objectors have not clearly explained what discovery they would conduct and what evidence they would offer at an evidentiary hearing. *Diaz v. San Jose Unified Sch. Dist.*, 861 F.2d 591, 597 (9th Cir. 1988) (stating that the court is only required to hold an evidentiary hearing when they "offer proof 'sufficiently definite, specific, detailed, and

nonconjectural to enable the court to conclude' that a contested issue of fact is in question.").

The objectors offer the declaration of Mr. Jensen that criticizes the trustee's application and his performance (and indirectly criticizes the work of the trustee's counsel). The trustee has filed his own declaration that contradicts Mr. Jensen's declaration in many respects. For purposes of this decision only, I will assume (without finding) that Mr. Jensen's factual statements are true. Discovery and an evidentiary hearing will be necessary only if those statements create material issues of fact.

## C. MINESEN AND PANGOLIN'S OBJECTIONS

### 1. Filing a Plan

The objectors argue that Chun Kerr should have immediately filed a plan. Instead, the firm began to draft a plan but never filed it. This objection borders on the frivolous. Chun Kerr must have quickly realized what was obvious: no confirmable plan was possible in this case until Minesen assumed its contracts with MWR, because without those contracts



U.S. Bankruptcy Court - Hawaii #19-00849 Dkt # 1129 Filed 09/11/24 Page 3 of 8

Minesen had no business to reorganize. (Minesen failed when it attempted to confirm a plan before completing its assumption and cure of those contracts. ECF 706.) The delay in completing the assumption is mostly attributable to Minesen and Pangolin (although MWR's resistance did not help.) ECF 755. Chun Kerr was correct to focus its efforts on assisting the trustee in his efforts to assume the contracts, including the retention of Highgate as the hotel manager, before filing a plan. When the objectors filed their own plan the day after the Highgate agreement was approved, the trustee reasonably and appropriately directed Chun Kerr to work on fixing the problems with the objectors' plan rather than file a competing plan.

**2. Underpayment of TAT and OTAT**

The objectors argue that the court should reduce Chun Kerr's compensation because, for a time, the trustee did not pay the correct amount of the transient accommodation tax ("TAT") and Oahu transient accommodation tax ("OTAT").



U.S. Bankruptcy Court - Hawaii #19-00849 Dkt # 1129 Filed 09/11/24 Page 4 of 8

The historical facts are undisputed. A hotel operator like Minesen must pay a tax on the gross rental proceeds of accommodations rented for less than 180 days to transients. Haw. Rev. Stat. § 237D-3(4) provides that living accommodations for military members "on permanent duty assignment to Hawaii" are exempt from the TAT and OTAT. For many years, Minesen claimed as exempt the rents it received from military personnel on temporary assignment to Hawaii. The trustee continued to report the estate's taxable income and pay TAT and OTAT on this basis, until Highgate pointed out to the trustee that this was incorrect. The trustee and Chun Kerr then took prompt corrective action, cooperated with an audit of the tax returns, and requested a waiver of any penalties and interest. The State of Hawaii Department of Taxation has completed the audit but has not yet acted on the trustee's request for a waiver.

The trustee's and Chun Kerr's conduct was well within the applicable standard. The trustee allowed the hotel staff to continue reporting and paying TAT and OTAT as they had done under Minesen's direction for

many years without any complaint from the taxing authorities. Neither the trustee nor Chun Kerr breached any duty of care by failing independently to detect Minesen's error.

**D. FEES FOR DEFENDING FEE APPLICATIONS**

The objectors claim that under *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 124 (2015), Chun Kerr will not be able to recover its attorney fees for defending its fee application. In *Baker Botts*, the Supreme Court held that the Bankruptcy Code did not displace the American Rule that each party pay its own costs in fee defense litigation. 576 U.S. at 128. But in this case, the confirmed plan, as a binding contract between all the parties in the current dispute, supplants the American Rule. *Id.* at 126; ECF 1092 at 83. The plan (proposed by the objectors) requires the reorganized debtor to indemnify the trustee and his professionals "against any claim, demand, or cause of action that is barred by the exculpation and release provisions of this Plan . . .)." ECF 1092 at 77. Those provisions state that exculpated parties "shall neither have nor incur any liability to any holder of a claim,



U.S. Bankruptcy Court - Hawaii #19-00849 Dkt # 1129 Filed 09/11/24 Page 6 of 8

or to any party in interest in this case, or to the Reorganized Debtor, or Debtor's estate for any act or omission occurring after the Petition Date through and including the Effective Date during and in connection with the administration of this Chapter 11 Case. . ."). ECF 1092 88-89; *see also* ECF 1058. Chun Kerr is an exculpated party. ECF 1092 at 88. The conduct complained of occurred prior to the effective date and was in connection with the administration of this bankruptcy case. Thus, Chun Kerr will be entitled to reasonable fees for defending its fee application.[1]

**E. CONCLUSION**

I have carefully considered Chun Kerr's application, the objectors' response, and Chun Kerr's reply, and the relevant parts of the entire record of this case. I have taken into account all of the circumstances that are relevant, including but not limited to the following:

1. The time that the Chun Kerr spent rendering services was reasonable.
2. The hourly rate charged by Chun Kerr is reasonable.

[1] The amount will be determined through a future fee application.

3. All of the services for which Chun Kerr seeks compensation were necessary to the administration of the case, beneficial when rendered to the completion of the case, or both.
4. Chun Kerr rendered its services within an amount of time that was reasonable considering the complexity, importance, and nature of the problems, issues, and tasks that he addressed.
5. Chun Kerr's attorneys and other professionals have extensive experience as bankruptcy counsel.
6. The requested compensation is reasonable compared to the customary charges of similarly qualified and experienced bankruptcy attorneys and professionals.
7. Chun Kerr's compensation probably would have been lower but for Mr. Jensen's failure to cooperate with the trustee and his insistence on excessive litigation and disputation throughout this case.

Accordingly, I find and conclude that $683,766.25 represents reasonable compensation and $3,591.96 represents reasonable reimbursement of actual, necessary expenses for Chun Kerr.

**END OF ORDER**